RAFAEL COSTAS PURCELL, Plaintiff and Appellant, *v.* MUNICIPALITY OF YAUCO, Defendant and Appellee.

No. 4275.   Argued April 12, 1928.—Decided January 23, 1929.

*Feliú & La Costa* for the appellant.   *L. López de Victoria* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit, similar to several others we have heard, to recover for services in the obtaining of a loan. The District Court of Ponce refused to render judgment for the plaintiff on the ground that the Auditor of Porto Rico had

refused his approval to the account because the claimant had not exhausted his administrative remedies in accordance with the case of *Axtmayer* v. *Kessinger,* 32 P.R.R. 841, and because the mayor of Yauco, while perhaps he had a right to employ plaintiff, had no right without the concurrence of the municipal assembly to fix his compensation in the sum of $2,500, and perhaps for other reasons. All of these reasons, save one, have been decided adversely to the appellee in one or other of the following cases: *Fajardo Sugar Co.* v. *Holcomb,* 16 Fed. (2nd) 92; *Costas Purcell* v. *Municipality of Las Marías,* 37 P.R.R. 18; *Pérez* v. *Samalea,* 38 P.R.R. 71, and *Laborde* v. *Municipality of Isabela,* 38 P.R.R. 58.

The remaining ground is impugned in the following assignment of error:

"The lower court also erred in holding that the compensation claimed by the appellant was not approved by the municipal assembly; that such approval was necessary in order to bind the municipality and that the Municipal Public Service Commissioner had no authority to fix or agree to such compensation."

Section 14 of the ordinance passed by the municipality provides:

"The Municipal Commissioner of Public Service, Police and Prisons of Yauco, Porto Rico, is hereby authorized to designate, if he deems wise, a person to take charge of the execution and documentation of this loan until it is secured."

Of course under this the mayor had a right to employ an expert. The question remains did he have the right to fix the compensation. Section 59 of the Municipal Law cited by appellee says that no "*asignaciones*" should be made without an ordinance or resolution of the municipal assembly. We have the idea, and so hold, that section 14 is the ordinance or resolution to which section 59 refers, and gave the mayor the right within reason to fix the amount of the compensation of the person employed. If, as appellee suggests, such a sum was fixed as to amount to a fraud, then the munici-

pality, the Auditor of Porto Rico, or the courts may prevent the recovery. That a sum of $2,500 is not so excessive as to amount to a fraud was decided by us in one or more of the cases heretofore cited, and the record reveals that appellant worked, although possibly the same work or some of it might have been done gratuitously by others. Likewise the municipality subsequently approved the amount claimed.

The appellant also says that the municipality was estopped to deny the amount of the compensation because of various acts and the acceptation of the loan. Perhaps the appellant is right, but we do not care to enter into the field without a further discussion.

The judgment appealed from will be reversed.

Mr. Chief Justice Del Toro dissented.